IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEVE OTIS HULSEY,<br><br>        Petitioner,<br><br>   vs.<br><br>RANDY GROUNDS, Warden,<br><br>        Respondent. | No. C 10-1754 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

### INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the California Training Facility in San Quentin, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the decision of the Board of Parole Hearings ("Board") to deny him parole in 2008. This order directs Respondent to show cause why the petition should not be granted.

### BACKGROUND

According to the petition, in 1990, Petitioner pled guilty to one count of first-degree murder and was sentenced to a term of 25 years-to-life in state prison. In this habeas action, Petitioner does not challenge his conviction, but instead challenges the decision of the Board to deny him parole. He alleges that he has exhausted state judicial remedies as to all of the claims raised in his federal petition.

//

**DISCUSSION**

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II    Legal Claims

Petitioner claims that: (1) the denial of parole violated his right to due process because it was not supported by sufficient evidence; and (2) the denial of parole violated his rights under the Sixth Amendment because the Board relied upon facts regarding the commitment offense that were not charged in the indictment.

Petitioner's second claim relies upon the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that under the Sixth Amendment right to a jury "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 488-90. *Apprendi* and its progeny apply to a defendant's sentence at trial, not to the denial of parole, however. *See id.*; *Blakely v. Washington*, 542 U.S. 296, 303-04 (2004); *United States v. Booker*, 543 U.S. 220, 288-90 (2005); *Cunningham v. California*, 549 U.S. 270, 273 (2007). There is no authority cited by Petitioner that the Sixth Amendment right to a jury applies to a parole determination. Moreover, the premise of Petitioner's argument, that the denial of parole lengthened his sentence, is wrong. The denial of parole did not increase the length of his sentence because it included a range of up to life in prison. Accordingly, the second claim will be dismissed. Accordingly, the second claim will be dismissed.

2

Liberally construed, the allegations in support of the first claim are sufficient to warrant a response from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's first claim for relief, described above, is DISMISSED.

2. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable above.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of the date any motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.

//

1 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
2 to Federal Rule of Civil Procedure 41(b).
3     IT IS SO ORDERED.
4 DATED: November 15, 2010

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

CLEVE O. HULSEY,

        Plaintiff,

  v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV10-01754 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cleve Otis Hulsey
E53226
P.O. Box 689
Soledad, CA 93960

Dated: November 15, 2010

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk